IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


MELTON SUMMERVILLE,              )
                                 )
     Plaintiff,                  )
                                 )
     v.                          )        1:06CV00681
                                 )
LOCAL 77 and                     )
AMERICAN FEDERATION OF STATE,    )
COUNTY AND MUNICIPAL EMPLOYEES,  )
                                 )
     Defendants.                 )


                         MEMORANDUM OPINION

OSTEEN, District Judge

     Plaintiff Melton Summerville has filed numerous proceedings in this court against the same Defendants, American Federation of State, County and Municipal Employees and Local 77, with the same or similar allegations in each proceeding. The court has dismissed each of those cases. The claims are frivolous and vexatious. Now before this court is Plaintiff's Motion to Remove Judge, Plaintiff's Motion to Remand, and Defendants' Motion to Dismiss.

I.   BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff has filed numerous separate actions against Defendants alleging fraud, unfair representation, and breach of contract, all of which arise out of the negotiation and ratification of a collective bargaining agreement between Duke University and Local 77. In the first action, Summerville v.

Local 77, 1:03CV770, the court entered summary judgment in favor of Defendants. The Fourth Circuit affirmed the court's decision and the Supreme Court subsequently denied Plaintiff's writ of certiorari. Plaintiff filed a second action in this court, Summerville v. Local 77, 1:05CV101, that the court dismissed because the applicable statute of limitations had passed. Plaintiff then filed this third action in the Superior Court for Durham County, Summerville v. Local 77, 6CVS04984. Defendants subsequently removed the matter to this court.[1] As in his previous two actions, Plaintiff contests the legality of the negotiation and ratification of a collective bargaining agreement between Duke University and Local 77. He argues that this agreement was a breach of contract, fraudulent, and violated the duty of fair representation. There are currently three motions before this court: (1) a motion to remove Judge Osteen, (2) a motion to remand the case to state court, and (3) a motion to dismiss the case.

---

[1] Plaintiff also filed a fourth action that was removed to this court, Summerville v. Local 77, 1:06CV719. In this case, Plaintiff submitted a complaint identical to that contained in the first case where Defendants prevailed on a summary judgment motion. There is a pending motion to dismiss in the fourth action.

**II. PLAINTIFF'S MOTION TO REMOVE JUDGE OSTEEN**

Plaintiff claims that removal of Judge Osteen is warranted in this case according to 28 U.S.C. § 144 because the Judge has made adverse rulings against him in prior proceedings. Under 28 U.S.C. § 144, whenever a "judge before whom the matter is pending has a personal bias or prejudice either against [a party] or in favor of any adverse party, such judge shall proceed no further." 28 U.S.C. § 144 (2007). In order to remove a judge under this section, a party must show or allege personal bias or prejudice that is generally derived from an extrajudicial source. See Liteky v. United States, 510 U.S. 540, 544, 114 S. Ct. 1147, 1152 (1994); Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 41 (4th Cir. 1995). Traditionally, previous "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." United States v. Cole, 293 F.3d 153, 164 (4th Cir. 2002) (citing Liteky, 510 U.S. at 555, 114 S. Ct. at 1157).

Plaintiff does not present any evidence that Judge Osteen is personally biased against either him or biased in favor of Defendants. Instead, Plaintiff bases his recusal motion solely on the grounds that Judge Osteen ruled against him in two previous cases involving the same issues. A reference to two prior proceedings that resulted in adverse rulings against Plaintiff is simply not a sufficient basis for recusal. See

Liteky, 510 U.S. at 554-56, 114 S. Ct. at 1157-58.  Accordingly, Plaintiff's motion to remove Judge Osteen will be denied.[2]

### III. PLAINTIFF'S MOTION TO REMAND

Plaintiff claims that this case should be remanded to the state courts of North Carolina because he has a right to file in those courts according to the Labor Management Relations Act ("LMRA") Section 102, 29 U.S.C. § 411.  Under this section, "[n]o labor organization shall limit the right of any member thereof to institute an action in any court."  29 U.S.C. § 411(a)(4) (2007).  This section of the LMRA, however, does not divest a federal district court of jurisdiction over a federal claim.  This proceeding was properly removed by Defendants under 28 U.S.C. § 1441(b), which allows a district court to exercise jurisdiction over a federal claim.  Therefore, Plaintiff's own reference to the LMRA is fatal to his motion because he acknowledges that his claims, those for breach of a collective bargaining agreement and violation of the Union's constitution that are actionable under Section 301 of the LMRA, are governed by the laws of the United States.  See Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S. Ct. 1235 (1968) (The court held that a claim for violation of

---

[2] It is also important to note that 28 U.S.C. § 144 requires a moving party to submit a properly notarized affidavit in support of the motion.  Plaintiff's failure to submit an affidavit, therefore, is also fatal to his recusal claim.  See United States v. Branch, 850 F.2d 1080, 1083 (5th Cir. 1988); Saxon v. Blann, 968 F.2d 676, 679 (8th Cir. 1992).

4

a collective bargaining agreement under the LMRA was one arising under the laws of the United States and within the original jurisdiction of a federal district court.).  Accordingly, Plaintiff's motion to remand will be denied.

**IV.  DEFENDANTS' MOTION TO DISMISS**

Defendants argue that dismissal of this case is appropriate because the case is barred under the doctrine of res judicata and by the applicable statute of limitations.  A court should dismiss a case for failure to state a claim upon which relief can be granted "only in very limited circumstances."  Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).  Dismissal should not be granted "unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief."  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  A res judicata defense is appropriate when raised in a motion to dismiss for failure to state a claim.  See Q Int'l Courier, Inc. v. Smoak, 441 F.3d 214 (4th Cir. 2006).  "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (citation and internal quotations omitted).  A defendant may invoke the doctrine of res judicata in situations where there

5

is: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Id. at 354-55 (citation omitted).

Plaintiff's complaint in this case is a rather interesting assortment of documents that are reproductions of documents related to the previous two matters involving the same parties. His amended complaint states nearly the same cause of action against Defendants as in the 1:05CV101 case, except he claims the alteration in his wages constitutes a breach of contract rather than his previous claim that Defendants defrauded him out of his wages. The claims in this case are also nearly identical to Plaintiff's claim in the 1:03CV770 case, except in that case he alleged fraudulent breach of contract instead of ordinary fraudulent activity.

Some of the materials Plaintiff submitted to the court are copies of rulings from previous proceedings. Plaintiff's amended complaint contains an attachment of the court's ruling that dismissed his second case, 1:05CV101. Plaintiff also submitted to this court a document titled "Plaintiff's Motion to the Court for Equal Justice Under the Law." This document contained the court's order dismissing his action in the 1:03CV770 case and the subsequent Fourth Circuit decision affirming the dismissal. In this motion, Plaintiff challenges the court's ruling and asks

6

that it reverse its opinion on the statute of limitations decision.

All of the arguments and claims Plaintiff submitted to the court in this case are the same as, or arise out of the same operative facts as the two previous cases he filed with the court against the same Defendants. These claims all challenge the collective bargaining agreement between Local 77 and Duke University on similar grounds. Plaintiff brings no cause of action before the court that differs in any way from the ones the court has ruled on in the past. Moreover, Plaintiff adds no new parties to the action. Allowing Plaintiff to proceed in this action would accomplish no more than imposing upon Defendants "the burden of relitigating the same claim in different suits." Id. at 356 (citation and internal quotations omitted). Accordingly, Plaintiff's claims are barred under the doctrine of res judicata and the court will grant Defendants' motion to dismiss.

**V. CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remove Judge will be denied. Plaintiff's Motion for the Court to Remand the Plaintiff's Case to State Court will be denied. The court will grant Defendants' Motion to Dismiss.

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

7

This the 2nd day of April 2007.

                                      /s/ William L. Osteen
                                      United States District Judge